VIRGINIA:

IN THE CIRCUIT COURT FOR THE CITY OF RICHMOND

THERESA WILMOTH,
    Plaintiff,

v.                                      Case No.: _____

TEXAS ROADHOUSE,
TEXAS ROADHOUSE, LLC,
TEXAS ROADHOUSE HOLDINGS, LLC,
TEXAS ROADHOUSE MANAGEMENT CORP.,
TEXAS ROADHOUSE, INC.,
    and
JOHN DOE COMPANY,
    Defendants.

### COMPLAINT

COMES NOW the Plaintiff, THERESA WILMOTH, by counsel, and moves for judgment and an award of execution against the Defendants, TEXAS ROADHOUSE, TEXAS ROADHOUSE, LLC, TEXAS ROADHOUSE HOLDINGS, LLC, TEXAS ROADHOUSE MANAGEMENT CORP., TEXAS ROADHOUSE, INC., and JOHN DOE COMPANY, on the grounds and in the amount set forth below.

1.     Defendants, TEXAS ROADHOUSE, TEXAS ROADHOUSE, LLC, TEXAS ROADHOUSE HOLDINGS, LLC, TEXAS ROADHOUSE MANAGEMENT CORP., TEXAS ROADHOUSE, INC., and/or JOHN DOE COMPANY, own, operate, and/or lease a commercial retail property that is open to the public and located at 2602 Conduit Rd, Colonial Heights, VA 23834, and own, operate, and/or lease the property adjacent thereto.

2.     That the commercial retail store located at 2602 Conduit Rd, Colonial Heights, VA 23834 during the relevant time period was and is known as Texas Roadhouse.



3. That on or about January 16, 2020, Plaintiff was a business invitee at Texas Roadhouse, located on the Defendants' property at 2602 Conduit Rd, Colonial Heights, VA 23834.

4. That on or about January 16, 2020, an inherently dangerous condition existed at or near the premises of 2602 Conduit Rd, Colonial Heights, VA 23834, in that the curb and gutter and/or parking lot had insufficient lighting; and/or the curb and gutter and/or parking lot was damaged; and/or the parking lot and/or curb and gutter was in poor repair, and/or the curb and gutter and/or parking lot was constructed and/or maintained on a dangerous slope, creating a hazardous condition and endangering customers walking to and from the store; and/or the curb and gutter contained an inconspicuous dropoff; and/or the curb and gutter and/or parking lot failed to contain sufficient warning of a dangerous condition; and/or the curb and gutter and/or parking lot was otherwise unreasonably dangerous.

5. That on or about January 16, 2020, the Plaintiff exited Texas Roadhouse, traversed the sidewalk and curb and gutter area, and fell off the curb due to the defects herein described.

6. That as a result of tripping off the curb due to the defects herein described, the Plaintiff fell off the curb, suffering bodily injuries.

## Count I: Negligence

7. That the Defendants had actual and/or constructive knowledge of this inherently dangerous condition at 2602 Conduit Rd, Colonial Heights, VA 23834, and/or knew or should have known that a dangerous condition existed.

8. That the Defendants, through their agents and employees, knew or should have known of the inherently dangerous condition at 2602 Conduit Rd, Colonial Heights, VA 23834.

2

9. That the Defendants knew or should have known, through their own actual or constructive knowledge, or through that of their agents or employees, that the condition carried an unreasonable risk of harm to invitees.

10. That the Defendants knew or should have known that an injury such as the one sustained by Plaintiff was the natural and foreseeable consequence of such a hazardous condition.

11. That the Defendants had a duty to maintain their property, including the curb and gutter, lighting, parking lot and sidewalk, in question in a manner reasonably safe for Plaintiff's use as a business invitee.

12. That the Defendants failed to take reasonable steps to maintain the curb and gutter, lighting, parking lot and sidewalk, in question in a condition that would be reasonably safe for business invitees.

13. That the Defendants' failure to maintain the curb, the lighting, the parking lot and sidewalk, in question in a reasonably safe condition allowed a hazardous condition to exist or develop.

14. That the Defendants had a duty to make their place of business reasonably safe for Plaintiff's use as a business invitee once the hazardous condition developed.

15. That the Defendant failed to take reasonable steps to make their place of business reasonably safe for business invitees, including the Plaintiff, following the development of the hazardous condition in the curb, insufficient lighting and sidewalk, in question.

16. That as a result of the Defendants' failure to take reasonable steps to make their property reasonably safe for business invitees the hazardous condition was still present in the curb, lighting and sidewalk, in question on January 16, 2020 and caused the Plaintiff's injuries.

17. That the Defendants had a duty to warn Plaintiff of the existence and location of the hazardous condition of which they had actual and/or constructive knowledge.

18. That the Defendants did not, and made no effort to, warn Plaintiff or other business invitees of the hazardous condition in question.

19. That the Defendants' failure to maintain their property in a reasonably safe condition, failure to make their property reasonably safe after the condition developed, and failure to warn business invitees, including the Plaintiff, of the hazardous condition, unreasonably breached their common law duties to the Plaintiff.

20. That as a direct and proximate consequence of these breaches of duty, Plaintiff suffered bodily injuries.

21. That the injuries suffered by Plaintiff were reasonably foreseeable to the Defendants' and their agents.

22. That the Defendants' unreasonable breach of their duties to the Plaintiff, being the direct and proximate cause of Plaintiff's injuries, constitute negligence.

23. That as a direct and proximate result of the Defendants' negligence *per se*, the Plaintiff was caused to sustain serious and permanent injuries; has incurred and will incur loss of income; has suffered and will continue to suffer pain of body and mind; and has had her ability to engage in and enjoy life adversely affected on account of the incident and resulting injuries.

## Count II: Negligence *Per Se*

24. That the Defendants had a duty under the Virginia Uniform Statewide Building Code § 302.3, Colonial Heights Duty Ordinance § 109-1, *et seq.*, and § 303.2 of the 2003 ICC/ANSI A117.1 to maintain all sidewalks, walkways, parking areas, and similar spaces in a proper state of repair and maintained free from hazardous conditions.

25. That, in spite of these duties, the Defendants failed to maintain the curb and gutter, lighting, parking lot and sidewalk in question in a proper state of repair, free from hazardous conditions.

26. That the injuries sustained by Plaintiff are of a type that the Virginia Uniform Statewide Building Code § 302.3, Colonial Heights City Ordinance § 109-1, *et seq.*, and § 303.2 of the 2003 ICC/ANSI A117.1 were created to prevent.

27. That Plaintiff as a pedestrian business invitee is of the class of individuals that the Virginia Uniform Statewide Building Code § 302.3, Colonial Heights City Ordinance § 109-1, *et seq.*, and § 303.2 of the 2003 ICC/ANSI A117.1 were created to protect.

28. That as a result of this violation of Virginia statutory, administrative and municipal law, including but not limited to the Virginia Uniform Statewide Building Code § 302.3, Colonial Heights City Ordinance § 109-1, *et seq.*, and § 303.2 of the 2003 ICC/ANSI A117.1 the Defendants were negligent *per se*.

29. That as a direct and proximate result of the Defendants' recklessness, gross negligence, per se negligence, ordinary negligence, and / or nuisance, combined and concurring, and under theories of agency/principal, master/servant and/or *respondent superior*, the Plaintiff was caused to sustain serious and permanent injuries; has incurred and will incur loss of income; has suffered and will continue to suffer pain of body and mind; and has had her ability to engage in and enjoy life adversely affected on account of the incident and resulting injuries.

## Count III: Nuisance

30. That the curb and gutter and sidewalk in question containing the relevant hazardous condition is owned, operated, and/or maintained by the Defendants.

31. That the curb and sidewalk, in question is publicly accessible and open to the public.

32. The Defendants knew and/or should have known, personally or through their agents, that the curb and gutter and sidewalk, in question was used by the general public.

33. That the Defendants, through their negligence, permitted the existence of a hazardous condition on the curb and sidewalk, in question, which in and of itself put the public at risk of injury.

34. That this use of the property by the Defendants, in which they invited others such as the Plaintiff to come onto the property, unreasonably and substantially endangered the health of the public and exposed them to risk of personal injury while traversing to and from the entrance along the curb and gutter and sidewalk.

35. That this hazardous condition so endangered the public at all times and under all conditions for the duration of its existence.

36. That this hazardous condition, created by the defendants' use or misuse of the property, continuously, substantially, and unreasonably endangered the public, and in doing so constituted a public nuisance.

37. That as a direct and proximate result of the Defendants' creating a nuisance and/or maintaining a nuisance and/or failing to abate the nuisance, the Plaintiff was caused to sustain serious and permanent injuries; has incurred and will incur loss of income; has suffered and will continue to suffer pain of body and mind; and has had her ability to engage in and enjoy life adversely affected on account of the incident and resulting injuries.

**WHEREFORE,** the Plaintiff, THERESA WILMOTH demands judgment against the Defendants, TEXAS ROADHOUSE, TEXAS ROADHOUSE, LLC, TEXAS ROADHOUSE

HOLDINGS, LLC, TEXAS ROADHOUSE MANAGEMENT CORP., TEXAS ROADHOUSE, INC., and JOHN DOE COMPANY jointly and severally, in the sum of SEVENTY FOUR THOUSAND DOLLARS ($74,000.00) for compensatory damages, her costs expended in this action and prejudgment interest from the date of injury, under the theory of *respondent superior*, master/servant, vicarious liability and agency principles.

**TRIAL BY JURY IS DEMANDED.**

THERESA WILMOTH,

BY: _____
       Counsel

Emmet D. Alexander, Esquire (VSB No. 41248)
Michael R. Krol, Esquire (VSB No. 80584)
Robert G. Maury, Esquire (VSB No. 88233)
Alexander W. "Junior" Phillips, Esquire (VSB No. 95630)
Alexander Law Group, PLC
6601 Irongate Square, Suite A
Richmond, Virginia 23234
☎ 804-271-1969
🖷 804-271-0806
michael@alexanderlawgroupplc.com